IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY HAWK,

        Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL
    INSTITUTION,

        Respondent.

CASE NO. 2:06-cv-707
JUDGE WATSON
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On July 30, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner contends that he was denied his right to appeal due to the ineffective assistance of counsel, and objects to the Magistrate Judge's conclusion that *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), does not apply so as to render this action timely. Petitioner again alleges that he told his attorney he wanted to appeal, and his attorney told him, "It is not worth it," thereby depriving him of his right to appeal. Petitioner further argues that he was diligent in pursuing his claims.

This Court is not persuaded by petitioner's arguments. As noted by the Magistrate Judge, petitioner's conviction became final on February 2, 2001, and expired one year later, on February

2, 2002. Petitioner waited until March 17, 2006, to file a motion for delayed appeal. He did not file the instant habeas corpus petition until April 18, 2006. Although petitioner did pursue other state court action beginning in March 2004, none of such proceedings tolled the running of the statute of limitations in this case, since the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003).

Contrary to petitioner's allegation here, the record does not reflect that he did not know about or was not advised of his right to appeal, or that the ineffective assistance of counsel actually prevented him from timely filing this habeas corpus petition. As discussed in the *Report and Recommendation*, petitioner signed a guilty plea form indicating that he understood his appellate rights and the thirty day time period to file an appeal. Defense counsel's statement that petitioner had no grounds for appeal did not prevent petitioner from pursuing the appeal.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action hereby is **DISMISSED**.

IT IS SO ORDERED.

MICHAEL H. WATSON
United States District Judge